# Birmingham Dry Goods Co. *v.* Finley.

## *Action on Attachment Bond.*

1. *Attachment; what necessary to authorize issuance of writ; damages for wrongful attachment.*—In order to justify the suing out of a writ of attachment, there must be not only a debt due or to become due, but there must exist one of the grounds enumerated in the statute; and if either of these essentials are wanting, an attachment is wrongfully sued out, entitling the defendant to a recovery of damages for the actual injuries sustained thereby, regardless of how honestly the attaching creditor may have believed that there existed a ground for the issuance of the writ.

2. *Action on an attachment bond; admissibility of evidence.*—In an action on an attachment bond to recover damages for the wrongful suing out of a writ of attachment, where it is shown that the writ was sued out on the ground that the debtor was fraudulently withholding his property from the creditor, it is competent for the plaintiff to show what amount was paid on his debt during the year immediately preceding the levy of the attachment.

3. *Same; same.*—In such an action, where the plaintiff, who was engaged in the mercantile business, claims special damages because some of his customers had left him on account of the levy, it is competent for the manager of the plaintiff's business to testify that some of the plaintiff's customers had gone elsewhere to trade after the levy of the attachment, such evidence being relevant to the issues involved in the trial.

APPEAL from the Circuit Court of Shelby.

Tried before the Hon. GEORGE E. BREWER.

This action was brought by the appellee, Alice E. Finley, against the Birmingham Dry Goods Company, a corporation, and the sureties on an attachment bond, to recover damages for the breach of said bond.

The complaint, after averring the suing out and levying of the attachment by the Birmingham Dry Goods Company, and the execution of said bond with the other defendants as sureties thereon, assigned fourteen

breaches of said bond. Motions and demurrers to all of the several assignments and breaches of the bond were sustained, except as to the following assignments contained in said complaint, the demurrers to which assignments were severally and separately overruled: "10. That at the time of suing out and levying said attachment on the goods, wares and merchandise of plaintiff by the defendants, she, the plaintiff, was engaged in the mercantile business in the town of Calera, Alabama; had a good reputation, credit, business and good customers, and that by and in consequence of the levy of said attachment on her said property and effects, her business, reputation and credit have been destroyed and lost, and her customers have withdrawn to the loss, a special damage to the plaintiff to the amount of one thousand dollars.

"11. That at the time of suing out and levying said attachment on the goods, wares and merchandise of plaintiff by the defendant, she, the plaintiff, was engaged in the mercantile business in the town of Calera, Ala., and had a good and profitable business, and that by and in consequence of the unlawful suing out and levying of said attachment on said goods of plaintiff by defendants, said business of plaintiff was injured and damaged to the extent of one thousand dollars.

"12. That at the time of the suing out and levying of said attachment the plaintiff was engaged in the mercantile business in the town of Calera, Ala., and that at said time she enjoyed and possessed a good credit as a merchant, and that by the unlawful issuing and levying of said attachment on said goods, wares and merchandise of plaintiff, her said credit was destroyed, and lost to her damage in the sum of one thousand dollars.

"13. That at the time of the suing out and levying of said attachment on the goods, wares and merchandise of plaintiff, she was engaged in the business of merchandise in the town of Calera, Ala., and had a good credit, with Gordon DuBose, banker, at Columbiana, with whom she was doing her banking business, whereby she was enabled to borrow money from said DuBose necessary to be used in said business, and that by the unlaw-

ful suing out and levying of said attachment on the goods and merchandise of plaintiff, her said credit with said DuBose was lost and destroyed to her damage in the sum of one thousand dollars." The cause was tried upon issue joined upon the plea of the general issue.

It was shown by the evidence that the Birmingham Dry Goods Company sued out an attachment against the plaintiff, Alice E. Finley, who was engaged in the mercantile business, and after giving the bond sued on, said attachment was levied on the stock of goods on December 24, 1897. The plaintiff, her bookkeeper and clerk, McMillion, and the manager of her business, Lodge, were each examined as witnesses in behalf of the plaintiff, and testified that the plaintiff had not committed any act making her liable to attachment; that her credit was destroyed or nearly destroyed, so that she could not afterwards purchase goods on credit. These witnesses and others testified that before the attachment her credit had been good ,and also that some of her customers had, since the attachment, ceased to trade with her, and that her business had fallen off; that she had made twenty per cent. profit on her sales, which were from ten thousand to twenty thousand dollars per annum.

Defendants' testimony tended to prove that there were grounds for the attachment, and that a practicing attorney had so advised; that plaintiff in attachment, before suing it out, had offered to take his goods back, offered to take notes with security for the debt and extend it, and offered to extend its debt if a certain mortgage was given to secure it. Evidence was also offered by defendants tending to show that R. G. Dun & Co., a commercial agency, extensively patronized by wholesale merchants, had taken off entirely the commercial rating of Mrs. Finley on the 10th of August, prior to the issuance of the attachment December 24th, and that credit had been refused her by parties in Birmingham, and that McMillion, one of the clerks in her store, told the attaching creditor prior to the levy that Mrs. Finley's manager was drinking too much, and her business was mismanaged. The other facts of the case are sufficiently stated in the opinion. The defendants separately ex-

ccpted to the giving of the general affirmative charge in favor of the plaintiff.

There were verdict and judgment for the plaintiff. The defendants appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

WARD & HOUGHTON and LONGSHORE & BEAVERS, for appellant.—The court below erred in overruling the objection of defendant below to the question asked by plaintiff of her witness, Lodge, what plaintiff had paid last year (1897) on her debts. The question was objected to on the ground that it called for immaterial and irrelevant testimony. It was clearly without the issue. The attachment was levied the 24th of December, 1897, and what plaintiff had paid on her debts during the prior part of 1897 had nothing to do with the case, and besides, was calculated to mislead, and doubtless did mislead, the jury.—*Shahan v. Herzberg,* 73 Ala. 59; *Seals v. Edmondson,* 71 Ala. 509; *Governor v. Campbell,* 17 Ala. 566.

The court below erred in overruling the objection of defendants below to the question by plaintiff of the witness, Lodge, if after the attachment, some of plaintiff's customers did not go elsewhere to trade.—*King v. Mitchell,* 52 Ala. 557.

BROWNE & LEEPER, *contra,* cited *Pollock v. Gantt,* 69 Ala. 373; *Jackson v. Smith,* 75 Ala. 97.

HARALSON, J.—Action on an attachment bond, for the wrongful suing out of the attachment.

To justify an attachment, there must be a debt, due or to become due, and one of the enumerated statutory grounds therefor must exist; and if either of these be wanting in fact, no matter how sincerely the attaching creditor may believe it to exist, the attachment is wrongful, and in such case, without more, the measure of recovery in a suit on the attachment bond is the actual injury sustained.—*City National Bank v. Jeffries,* 73 Ala. 183; *Hundley v. Chadick,* 109 Ala. 575.

The ground on which the attachment was sued out in this case, was that the plaintiff here, the defendant in attachment, had "money, property and effects liable to satisfy said debt [the one named in the affidavit for attachment as due the plaintiff therein] which she fraudulently withholds," etc. The plaintiff, her clerk, McMillion, and the manager of her business, Lodge, each testified denying the ground of attachment set forth in the affidavit, and denying the existence of each of the statutory grounds for suing out an attachment. The other evidence on the part of the plaintiff tended, also, to show the non-existence of any of these grounds. The witness, Lodge, testified he had been for three years in the employment of plaintiff as manager of her business and salesman, that her business had been about $10,000 a year in sales up to the suing out of the attachment, from which she realized a net profit of 20 per cent, and her credit was good; that prior to the attachment plaintiff had proceeded diligently to apply proceeds from her sales and collections to the extinguishment of bills owing by her for goods purchased for the business. Her counsel asked the witness what plaintiff had so paid on her debts during the year 1897—the attachment having been sued out on the 24th December of that year—and, if after the attachment, some of plaintiff's customers had not gone elsewhere to trade. To each of these questions as propounded, the defendant objected on the grounds that they called for irrelevant and immaterial evidence, which objections were separately overruled.

The first of these questions called for evidence tending to show that the ground for suing out the attachment was untrue. The answer to it was that she had paid out during the year from $7,000 to $10,000 on her debts for goods for the business in 1897. This was certainly very pertinent to show, that she was not fraudulently withholding her means from her creditors. The other question called for evidence that was not impertinent, but relevant to the issues. One of the special grounds for damage laid in the complaint, and which was unchallenged as an element of damage, being, that in consequence of the suing out of the attachment the plaintiff's

business reputation and credit had been destroyed and her customers had withdrawn from trading with her.

At the request of the plaintiff, the court gave the general charge in her favor, having first charged the jury, that there was no evidence that the attachment was vexatiously sued out. In this, it has not been shown that there was error. Without reviewing the evidence, it may be said, that it shows without conflict, that the attachment was wrongfully sued out. The evidence on the part of the defendants does not tend to show to the contrary, but was admissible in its tendencies simply in mitigation of damages. The judgment must be affirmed.

Affirmed.